**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Steven E. Meyer, SB# 145333
 Email: steve.meyer@lewisbrisbois.com
Jeremiah P. Webb, SB# 248205
 Email: jeremiah.webb@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Tel: 213.250.1800 / Fax: 213.250.7900

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Reuben B. Jacobson, SB# 167972
 Email: reuben.jacobson@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Tel: 415.362.2580 / Fax: 415.434.0882

Attorneys for Defendant, LAWRENCE FACTOR, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| STEPHANIE TENNISON,<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCE FACTOR, INC.; LAB ON LOCALE; X-ZAM LABORATORIES; and DOES 1-25,<br><br>Defendants. | CASE NO. 1:16-CV-00247-LJO-JLT<br><br>**STIPULATION TO CONTINUE EXPERT DISCOVERY CUT-OFF DATES;ORDER THEREON**<br><br>(Doc. 33) |

TO THIS HONORABLE COURT:

Plaintiff STEPHANIE TENNISON ("Tennison") and Defendant LAWRENCE FACTOR, INC. ("Lawrence Factor") (hereinafter "the Parties"), by and through their respective attorneys of record, hereby stipulate as follows:

1. Tennison filed the present action on or about February 22, 2016, alleging four causes of action: (1) Strict product liability; (2) general negligence; (3) breach of implied warranty; and (4) breach of express warrant.

2. On August 5, 2016, this Court entered a Pretrial Scheduling Order. The Pretrial Scheduling Order set the expert disclosure date on June 16, 2017, the rebuttal expert disclosure date on July 14, 2017, the completion of expert discovery on August 15, 2017, and trial on March 6, 2018.

3. During the month of May, The Parties traveled to Bakersfield, California, Modesto, California, and Miami, Florida in order to take and complete non-expert depositions.

4. On May 8, 2017, Lawrence Factor noticed the deposition of Kathleen Murphy, M.D. ("Dr. Murphy"), for May 22, 2017. Dr. Murphy is one of Tennison's treating providers.

5. Subsequent to Lawrence Factor noticing Dr. Murphy's deposition, Dr. Murphy had a scheduling conflict arise. In order to accommodate Tennison and Dr. Murphy's schedule, Lawrence Factor stipulated to continue the Non-Expert Discovery cut-off from May 31, 2017 to June 12, 2017. On May 23, 2017, this Court entered an Order continuing the Non-Expert Discovery cut-off to June 12, 2017.

6. The deposition of Tennison commenced on May 11, 2017, broke for two weeks in order to accommodate the schedule of other non-expert witnesses, and was completed on May 25, 2017.

7. Immediately following the completion of Tennison's deposition, based on the allegations made by Tennison, Lawrence Factor retained Mark Allen Gomez, M.D. ("Dr. Gomez"). Lawrence Factor began sending Dr. Gomez available medical records and deposition transcripts for his review.

8. Following the continuance of the Non-Expert Discovery cut-off to June 12, 2017, Tennison noticed the depositions of percipient witnesses Luis Torres and Robert Laughlin for June 21, 2017, in Miami, Florida. In order to accommodate Tennison's noticed depositions, Lawrence Factor agreed to stipulate to a second continuance of the Non-Expert Discovery cut-off date.

9. On June 2, 2017, Plaintiff filed a stipulation to continue certain scheduling order dates.

10. On June 5, 2017, pursuant to the stipulation filed on June 2, 2017, this Court

entered an Order continuing the Non-Expert Discovery Completion date to June 30, 2017, the Expert Disclosure date to July 14, 2017, the Rebuttal Expert Disclosure date to August 4, 2017, and the Expert Discovery Completion Date to September 1, 2017.

11. The deposition of Luis Torres took place on June 21, 2017, in Miami, Florida.

12. The deposition of Robert Laughlin ("Mr. Laughlin") took place on June 22, 2017, in Miami, Florida.

13. Mr. Laughlin, a former Lawrence Factor employee, was responsible for the design of a sampling canister at issue in this case.

14. Due to delays in obtaining Tennison's complete set of medical records, including MRIs and CT scans, and obtaining deposition transcripts of the non-expert witness deposed in May and June, including the June 22, 2017 deposition of Mr. Laughlin, Dr. Gomez did not receive a complete set of records necessary to evaluate this matter until June 29, 2017.

15. On June 29, 2017, while confirming receipt of said records, counsel for Lawrence Factor learned for the first time that Dr. Gomez has a pre planned vacation for July 6, 2017 through July 17, 2017. Lawrence Factor was unaware of Dr. Gomez's pre planned vacation upon his retention.

16. Due to Dr. Gomez's pre planned vacation, the voluminous nature of the relevant records, and the extension of the non-expert discovery cut-off from June 12, 2017 to June 30, 2017 following Lawrence Factor's retention, Dr. Gomez will be unable to complete a required Rule 26(a)(2)(B) report by the current Expert Disclosure date of July 14, 2017.

17. Lawrence Factor anticipates that Dr. Gomez will dispute the allegations made by Tennison as it relates to the causation of certain of her claimed injuries. As such, Dr. Gomez is vital to Lawrence Factor's defense. Lawrence Factor would be severely prejudiced should it be denied the opportunity to present Dr. Gomez's opinions and testimony at the time of trial.

18. Given Lawrence Factor's prior stipulations accommodating Tennison's scheduling issues and request to complete further discovery, and given the need to accommodate Dr. Gomez's pre planned vacation, the Parties stipulate, subject to approval of the Court, that the Expert

Disclosure cut-off is extended until August 4, 2017, the Rebuttal Expert Disclosure cut-off is extended until August 28, 2017, and that all expert discovery shall be completed no later than September 22, 2017. All other dates set forth in the Pretrial Scheduling Order remain unchanged.

19. The Parties have made one prior request to extend the Expert Disclosure cut-off, the Rebuttal Expert Disclosure cut-off, and the Expert Discovery completion date.

20. The Parties stipulate that good causes exists to extend these deadlines. This stipulation and the request herein will not prejudice any of the Parties, and is not made for the purposes of delay or harassment. The Parties stipulate that good causes exists to extend these deadlines.

Pursuant to Eastern District of California local rule 131(e), counsel for Tennison has authorized counsel for Lawrence Factor, Inc. to electronically sign and submit this stipulation.

IT IS SO STIPULATED

DATED: July 6, 2017     LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Steven E. Meyer*
Steven E. Meyer
Attorneys for Defendant
LAWRENCE FACTOR INC.

DATED: July 6, 2017     LAW OFFICES OF YOUNG WOOLDRIDGE, LLP

*/s/ Greg A. Muir*
Greg A. Muir
Attorneys for Plaintiff
STEPHANIE TENNISON

## ORDER

Based upon the stipulation of counsel, the Court ORDERS:

1. All experts SHALL be disclosed no later than August 4, 2017;
2. Any rebuttal experts SHALL be disclosed no later than August 28, 2017;
3. All expert discovery SHALL be completed no later than September 22, 2017;

**No other modifications to the case schedule are authorized. Further absolutely no further stipulations to modify the case schedule will be entertained.**

IT IS SO ORDERED.

    Dated: **July 6, 2017**                                **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE

LEWIS BRISBOIS

LEWIS
BRISBOIS

4812-1710-5995.1　　　　　　　　　　　　　　　　　　　　　　　　1:16-CV-00247-LJO-JLT
STIPULATION TO CONTINUE EXPERT DISCOVERY CUT-OFF DATES